37 F.3d 1496
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Ray ALLEN, Defendant-Appellant.
 No. 94-5036.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 6, 1994.
Decided Oct. 24, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CR-93-102-3)
 Arnold B. Snukals, Duane & Shannon, Richmond, VA, for appellant.
 Helen F. Fahey, U.S. Atty., Roger W. Frydrychowski, Asst. U.S. Atty., Richmond, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and MURNAGHAN, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Ray Allen appeals his conviction for possession of a firearm by a convicted felon pursuant to 18 U.S.C. Sec. 2 (1988), 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1994), and 18 U.S.C.A. Sec. 924(a)(2) (West Supp.1994).
 
 
 2
 The Circuit Court of Spotsylvania County, Virginia, sentenced Allen for his convictions of: (1) armed statutory burglary in violation of Va.Code Ann. Sec. 18.2-91 (Michie 1988 & Supp.1994); (2) grand larceny in violation of Va.Code Ann. Sec. 18.2-95 (Michie 1988 & Supp.1994); and possession of burglary tools in violation of Va.Code Ann. Sec. 18.2-94 (Michie 1988). Prior to the state trial, the state nolle prossed a charge of possession of a firearm after having been a convicted felon in violation of Va.Code Ann. Sec. 18.2-380 (Michie 1988 & Supp.1994).
 
 
 3
 The evidence at trial showed that Allen and a codefendant drove to a residence in Spotsylvania County. Allen broke into the residence through the front door, while his codefendant waited in the truck. When Allen returned to the truck, the police arrested him and his codefendant. The police found a loaded .38 caliber revolver and a loaded .22 caliber revolver on the floorboard of the seat where Allen was sitting after his return to the truck and another .22 caliber derringer revolver in Allen's vest pocket. The police also found a 12 gauge shotgun between the driver's and front passenger's seats, and seven rounds of ammunition in the glove compartment.
 
 
 4
 After the police advised him of his constitutional rights, Allen admitted that the .38 caliber revolver and the .22 caliber derringer revolver were his own weapons and that he had taken the other .22 caliber revolver from the residence. Finally, the evidence showed that Allen had previously been convicted in Ohio of the felony of assault with a dangerous weapon.
 
 
 5
 After his state conviction, Allen was subsequently convicted by a jury in a federal court of possession of a firearm after having been a convicted felon.
 
 
 6
 On appeal, Allen claims that the district court denied him due process by failing to hold that: (1) the federal prosecution constituted double jeopardy; (2) the federal prosecution constituted multiple and vindictive prosecutions; and (3) he was denied discovery or materials he requested in his motion for discovery and inspection of exculpatory evidence.
 
 
 7
 Allen claims that because he had already been charged with the crime of possession of a firearm while a convicted felon at the state court level, which was nolle prossed, and because he was convicted of an enhanced burglary charge,[1] the federal prosecution under 18 U.S.C. Sec. 2, 18 U.S.C.A. Secs. 922(g)(1), 924(a)(2), put him in double jeopardy. Allen contends that this Court should apply the "same conduct" test as set forth in Grady v. Corbin, 495 U.S. 508 (1990), which protects individuals from multiple prosecutions for the same act.
 
 
 8
 The Fifth Amendment states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Under the "dual sovereignty" concept, a federal prosecution does not bar a subsequent state prosecution of the same person for the same act, and a state prosecution does not bar a federal action. Bartkus v. Illinois, 359 U.S. 121 (1959); United States v. Iaquinta, 674 F.2d 260 (4th Cir.1982). Thus, in this case, the state prosecution of Allen for armed statutory burglary, grand larceny, and possession of burglary tools did not bar the subsequent federal prosecution for possession of a firearm.[2]
 
 
 9
 Allen also claims that policy considerations should have precluded the federal prosecution on the federal firearms charge. Allen contends that conducting "a separate trial for the same offense on a lesser included proportion results in the defendant being put twice in jeop ardy." In support, Allen notes the general policy that if a federal prosecution involves several offenses arising out of a single transaction, the offenses are alleged and tried together and are not made the basis of multiple prosecutions. Petite v. United States, 361 U.S. 529 (1960). He also points out that the state prosecutor stated that the state firearm charge was nolle prossed in anticipation of a superseding federal indictment, and that the state could have prosecuted the firearms charge along with the burglary charge, but doing so would have resulted in a shorter total sentence. Allen, however, does not offer any persuasive legal authority to support the proposition that his rights were violated by the federal prosecution. Thus, Allen has not shown a violation of his Constitutional or federal rights.
 
 
 10
 Finally, for the first time on appeal and without offering a factual basis or cited authority, Allen contends that he was denied discovery and exculpatory evidence. Allen, however, can not raise new issue on appeal. Stewart v. Hall, 770 F.2d 1267, 1271 (4th Cir.1985). In addition, he does not allege, nor does the record reveal, any plain error. Fed.R.Crim.P. 52(b). This contention, therefore, is meritless.
 
 
 11
 Accordingly, we affirm Allen's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument will not significantly aid the decisional process.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 This offense is aggravated by the possession of a deadly weapon. Va.Code Ann. Sec. 18.2-91 (Michie Supp.1994)
 
 
 [2]
 Furthermore, Grady, has been explicitly overruled by United States v. Dixon, 61 U.S.L.W. 4835 (U.S.1993)